1

2

3

4

5

6

7

8

9                          **UNITED STATES DISTRICT COURT**

10                          EASTERN DISTRICT OF CALIFORNIA

11

12   CURTIS EDWARD BYRD,                    Case No. 1:14-cv-00832 DLB PC

13              Plaintiff,                   ORDER DISMISSING COMPLAINT
                                             WITH LEAVE TO AMEND
14        v.
                                             THIRTY-DAY DEADLINE
15   SANDRA PENNYWELL, et al.,

16              Defendants.

17

18        Plaintiff Curtis Edward Byrd ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 2, 2014.[1]

20   He names Warden Sandra Pennywell, Governor Jerry Brown, the Deputy Governor, the Chief

21   Appeals Officer, the Lieutenant or Sergeant of the mailroom, the Appeals Officer of the Institution,

22   the Captain of the Institution, the State of California, the Department of Corrections, and the

23   Institution as Defendants.

24   **A.     SCREENING REQUIREMENT**

25        The Court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28

---

[1] On June 18, 2014, Plaintiff consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Calipatria State Prison in Calipatria, California.  He was housed at Kern Valley State Prison in Delano, California, when the events giving rise to this action took place.

Plaintiff alleges the following.  Plaintiff claims that his legal mail in the institution was

delayed with respect to his appeal which forced him and his attorney to seek an extension of time to file his Wende brief.  Plaintiff claims each Defendant is involved because of their official positions.

Plaintiff is seeking damages in the amount of $1,000,000,800,000.  He is further seeking the imposition of a federal law that would provide service notification of all incoming legal mail.

## C.   DISCUSSION

### 1.   Access to the Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is "actual prejudice with respect to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).

Here, Plaintiff makes no showing that he suffered an actual injury.  "[T]he injury requirement is not satisfied by just any type of frustrated legal claim."  Lewis, 518 U.S. at 354.  To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002); Lewis, 518 U.S. at 351.  Plaintiff states he was forced to seek an extension of time to file a Wende brief.  He makes no showing that he was actually shut out of court or prejudiced in any manner.

Accordingly, Plaintiff fails to state a claim of interference with his access to the courts.

### 2.   Interference with Mail

While prisoners have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (quotation marks omitted), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests, Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987)).  Censorship of outgoing prisoner mail, on the other hand, is justified if the following criteria are met: (1) the regulation furthers an important or substantial government interest unrelated to the suppression of expression, and (2) the limitation on First Amendment freedoms must be no greater than is necessary

or essential to the protection of the particular governmental interest involved.  Procunier v. Martinez, 416 U.S. 396, 413, 94 S.Ct. 1800 (1974) (overturned by Thornburgh v. Abbott, 490 U.S. 401, 413-14, 109 S.Ct. 1874 (1989) only as test relates to incoming mail - Turner test applies to incoming mail) (quotation marks omitted); Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (Procunier applies to censorship of outgoing mail).

Here, Plaintiff makes no showing that any Defendant interfered with his mail.  Moreover, the complaint involves one incident of delayed mail.  Isolated incidents in mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights.  See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

Accordingly, Plaintiff fails to state a claim of interference with mail.

3.    Supervisor Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff names Warden Sandra Pennywell, Governor Jerry Brown, the Deputy Governor, the Chief Appeals Officer, the Lieutenant or Sergeant of the mailroom, the Appeals Officer of the Institution, and the Captain of the Institution as Defendants, solely on the basis of their

positions as supervisors. Plaintiff makes no showing that any Defendant was personally involved in delaying his mail. Therefore, Plaintiff fails to state a claim against the above-named Defendants.

### 4.    Eleventh Amendment Immunity

Plaintiff names the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), and Kern Valley State Prison ("KVSP") as Defendants. However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against the State of California, CDCR, or KVSP.

## D.    CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

### ORDER

Accordingly, it is HEREBY ORDERED that:

5

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   __June 4, 2015__                    _____ /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE